FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 MAR 20 A 10: 56

CLERK K. Auk
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| DAVID ICENHOUR, | ) |
| Petitioner, | ) |
| v. | ) CIVIL ACTION NO.: CV612-116 |
| JASON MEDLIN, Warden, and BRIAN OWENS, Commissioner of the Georgia Department of Corrections, | ) |
| Respondents. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner David Icenhour ("Icenhour") filed, through counsel, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his convictions obtained in the Tattnall County Superior Court. Respondent filed an Answer-Response. For the reasons which follow, Icenhour's petition should be **DENIED**.

## STATEMENT OF THE CASE

Icenhour was convicted in the Tattnall County Superior Court, after a jury trial, of aggravated battery upon a correctional officer and interference with government property. Icenhour received a "split" sentence of twenty (20) years, fifteen (15) years to serve and five (5) years suspended on the battery conviction, to run consecutively to any other sentence, and a five (5) year concurrent sentence on the interference with

property conviction. The Georgia Court of Appeals affirmed Icenhour's convictions and sentences. Icenhour v. State, 290 Ga. App. 461, 659 S.E.2d 858 (2008).

Icenhour filed an application for writ of habeas corpus in state court. In that petition, Icenhour asserted that he received ineffective assistance of appellate counsel because his appellate counsel failed to raise ineffective assistance of trial counsel claims. Icenhour specifically asserted that trial counsel failed to object: to improper jury charges on reasonable doubt; to the court "overcharging" on aggravated battery; when the trial court commented on the evidence in its charge on aggravated battery and the loss of an eye; and when Icenhour's due process rights were violated because an essential element of aggravated battery was not proved at trial. (Doc. No. 1, pp. 16-17).[1] The state habeas corpus judge determined that Icenhour failed to show that appellate counsel performed deficiently or that there was a reasonable probability that his appeal would have been successful but for counsel's alleged errors. (Id. at p. 24). The Georgia Supreme Court denied Icenhour's application for certificate of probable cause to appeal this denial.

In this petition, Icenhour asserts three (3) grounds of ineffective assistance of appellate counsel. Icenhour contends that appellate counsel failed to raise the following issues on appeal: 1) the trial court charged the jury on the entire aggravated battery statute, even though Icenhour was indicted for violation of one of the three subsections of the statute; 2) the trial court's instruction regarding the loss of an eye was improper; and 3) the trial court's charge on reasonable doubt was incomplete, as this charge

---

[1] Icenhour brought other claims in his state habeas petition, but these claims are the ones which were decided on the merits. Icenhour amended his petition, through counsel, to include only these four (4) enumerations of error. (Doc. No. 4-5, p. 5).

omitted several parts of the pattern charge. (Doc. No. 1, pp. 5-8). Respondent avers that the state habeas court's determinations on these issues are entitled to deference.

## DISCUSSION AND CITATION TO AUTHORITY

28 U.S.C. § 2254(d) sets forth the deference to be afforded to a State court's legal determinations:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). In reviewing a petitioner's habeas claim under section 2254(d)(1), a court should first determine the law that was "clearly established" by the United States Supreme Court at the time the State court adjudicated the petitioner's claim. Williams v. Taylor, 529 U.S. 362, 391 (2000). After determining the clearly established law, the reviewing court should next determine whether the State court's adjudication was "contrary to" clearly established Supreme Court case law or involved an unreasonable application of that clearly established Supreme Court law. Id. A state court's adjudication is contrary to clearly established Supreme Court case law if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the State court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Id. at 413 (O'Connor, J., concurring). A State court's decision involves an unreasonable application of clearly established Supreme

Court law if the "court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. A federal habeas court making the "unreasonable application" inquiry should ask whether the State court's application of clearly established federal law was objectively reasonable. Id. at 409 (O'Connor, J., concurring).

Strickland v. Washington, 466 U.S. 668 (1984), is the governing Supreme Court precedent employed to analyze ineffective assistance of counsel claims. To obtain relief under Strickland, a petitioner "must show (1) counsel's performance was deficient and (2) that deficiency prejudiced him." Strickland, 466 U.S. at 687. Counsel's performance is deficient when it falls "below an objective standard of reasonableness," Chandler v. United States, 218 F.3d 1305, 1312 (11th Cir. 2000), which means that it is "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. Further, the issue is not what is possible or what is prudent or appropriate, but only what is constitutionally compelled." Chandler, 218 F.3d at 1313. Courts conduct a highly deferential review of counsel's performance and "indulge [the] strong presumption that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" Id. at 1314 (alteration in original) (quoting Strickland, 466 U.S. at 689-90).

To establish prejudice, "there must be a reasonable probability that, but for counsel's deficient performance, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. "A petitioner's burden of establishing that his lawyer's deficient performance prejudiced his case is also high." Van Poyck v. Fla.

AO 72A
(Rev. 8/82)

Dep't of Corr., 290 F.3d 1318, 1322 (11th Cir. 2002). A petitioner must "affirmatively prove prejudice." Strickland, 466 U.S. at 693. "A defendant can establish ineffective assistance of appellate counsel by showing: (1) appellate counsel's performance was deficient, and (2) but for counsel's deficient performance he would have prevailed on appeal." Shere v. Sec'y, Fla. Dep't of Corr., 537 F.3d 1304, 1310 (11th Cir. 2008) (citing Smith v. Robbins, 528 U.S. 259, 285-86 (2000)). Appellate counsel is not ineffective for failing to raise a meritless claim on appeal. See Chandler v. Moore, 240 F.3d 907, 917 (11th Cir. 2001).

The state habeas corpus judge conducted an evidentiary hearing on Icenhour's petition, at which Icenhour and his counsel appeared and Franklin Stubbs, Icenhour's retained appellate counsel, testified. (Doc. No. 4-5, p. 8). The Honorable James E. Hardy noted that Mr. Stubbs had been practicing law since 1970 and that roughly 40 percent of his practice was devoted to criminal practice. Judge Hardy also noted that Mr. Stubbs had reviewed the transcript of Icenhour's trial, the indictment, and jury charges and spoke to one of Icenhour's trial counsel prior to the motion for new trial Mr. Stubbs filed on Icenhour's behalf. Mr. Stubbs also testified that he did not have the chance to speak to Icenhour's other trial counsel until the hearing on the motion for new trial, at which time that counsel testified. Mr. Stubbs thought that the best claims to pursue on appeal were two (2) grounds of ineffective assistance of trial counsel—the failure to obtain Icenhour's mental health records and allowing Icenhour to testify about his extensive criminal history based on questions trial counsel posed. Judge Hardy noted that Mr. Stubbs raised the two (2) issues on appeal he found to be meritorious, as he did not believe the "shotgun" approach to be an effective strategy on appeal. (Doc.

No. 1, pp. 17-19). Based on the facts presented during the state habeas corpus hearing, Judge Hardy determined that Icenhour failed to show that Mr. Stubbs provided ineffective assistance because Icenhour could not show that, had Mr. Stubbs raised all potential ineffective assistance of trial counsel claims on appeal, the outcome of the appeal would have been different. (Id. at p. 24).

In making his final ruling, Judge Hardy applied Strickland, as adopted by Georgia courts in Smith v. Francis, 253 Ga. 782, 325 S.E.2d 362 (1985), to Icenhour's enumerations of error regarding his ineffective assistance of appellate counsel claims and determined Icenhour did not meet the Strickland test. As to Icenhour's assertion that his appellate counsel was ineffective for not asserting that trial counsel was ineffective for failing to object to the trial court's charge on aggravated assault (i.e., the trial court "overcharged" the jury), Judge Hardy found no error in this failure. Judge Hardy determined that the charge tracked the language of the aggravated battery statute, O.C.G.A. § 16-5-24. (Doc. No. 1, pp. 22-23). Judge Hardy also determined that the trial court did not make any improper comment on the evidence regarding the loss of an eye, as the trial judge's statement was a proper statement of law pursuant to Taylor v. State, 178 Ga. App. 817, 344 S.E.2d 748 (1986). (Id. at. p. 23). Additionally, Judge Hardy determined that the trial court's charge on reasonable doubt was proper and that Icenhour's trial counsel reserved exceptions to all of the jury charges. Judge Hardy further determined that Icenhour failed to show that his trial counsel was ineffective by failing to object to this charge, particularly when trial counsel reserved exception, and that Icenhour did not provide any case law establishing the given charge was erroneous. (Id. at pp. 21-22). After making these specific determinations, Judge

AO 72A
(Rev. 8/82)

Hardy ruled that Icenhour failed to show that, had his appellate counsel raised these issues on appeal, there was a reasonable probability the result of the appeal would have been different. Thus, Icenhour failed to meet the prejudice prong of the Strickland standard. Moreover, Judge Hardy decided that Icenhour failed to show that Mr. Stubbs' performance was objectively unreasonable or deficient. (Id. at p. 24).

The state habeas corpus court relied on clearly established federal law in making its determination that Mr. Stubbs did not render ineffective assistance of counsel on appeal. Icenhour fails to establish that the state habeas corpus court's adjudication on his ineffective assistance of appellate counsel claims was contrary to or an unreasonable application of clearly established federal law. In addition, Icenhour fails to show that the state habeas corpus court's determination that his ineffective assistance of appellate counsel claims resulted in an unreasonable application of the facts presented before the state habeas court. Accordingly, Icenhour is not entitled to his requested relief.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Icenhour's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 20th day of March, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)