# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

DAVID ICENHOUR, )
)
      Petitioner, )
)
v. ) CIVIL ACTION NO.: CV612-116
)
JASON MEDLIN, Warden, and )
BRIAN OWENS, Commissioner )
of the Georgia Department of )
Corrections, )
)
      Respondents. )

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Petitioner David Icenhour ("Icenhour") states, through counsel, that the Magistrate Judge's reliance on the state habeas corpus court's ruling that the trial court's charge on aggravated battery tracked the language of the statute is objectionable. Icenhour asserts that the trial court's jury instruction regarding the loss of an eye was an impermissible comment on the evidence, and appellate counsel's failure to raise this issue was deficient performance. Icenhour also asserts that appellate counsel's failure to raise the trial court's reasonable doubt charge as an issue on appeal was deficient performance, as well. Icenhour avers that, had

appellate counsel raised these issues on appeal, there is a reasonable probability that the result of his appeal would have been different. Icenhour contends that the state habeas court's ruling as to these enumerations of error was unreasonable.

Icenhour's assertions are conclusory, as he provides no law or facts which reveal that, but for appellate counsel's alleged ineffective assistance, the outcome of his appeal would have been different. It is a petitioner's burden to show (i.e., with affirmative evidence and/or case law) that there is a reasonable probability that, but for appellate counsel's purported errors, the result in his appeal would have been different. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland v. Washington, 466 U.S. 668, 694 (1984). When the deferential standard of Strickland is "combined with the extra layer of deference that [28 U.S.C.] § 2254 provides, the result is double deference and the question becomes whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Johnson v. Sec'y, DOC, 643 F.3d 907, 910-11 (11th Cir. 2011) (internal punctuation and citation omitted). "Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding." Id. at 911. Icenhour's conclusory assertions that the state habeas corpus court erred under § 2254 in applying Strickland to the ineffective assistance of appellate counsel claims before it do not warrant federal relief, as the Magistrate Judge noted.

Icenhour's Objections are **overruled**. The Magistrate Judge's Report and Recommendation, as supplemented herein, is adopted as the opinion of the Court.

AO 72A
(Rev. 8/82)

Icenhour's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, is **DENIED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 26 day of June, 2013.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)