UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

DAVID ICENHOUR,

Petitioner,

v.                          6:12-cv-116

JASON MEDLIN, Warden; BRIAN OWENS, Commissioner of the Georgia Department of Corrections,

Respondents.

## ORDER

### I. INTRODUCTION

Before the Court is David Icenhour's Application For Certificate of Appealability ("COA"). ECF No. 12. For the following reasons, the Court *GRANTS* Icenhour's request.

### II. BACKGROUND

Eight years ago, a jury convicted Icenhour of aggravated battery of a correctional officer. The Georgia Court of Appeals affirmed his conviction and sentence. *Icenhour v. State*, 290 Ga. App. 461 (2008). Icenhour then sought habeas relief in state court.

He asserted claims of ineffective assistance of appellate counsel based on his appellate attorney's failure to raise ineffective assistance of trial counsel. Specifically, Icenhour argued ineffective assistance at trial for his counsel's failure to object to (1) the trial court "overcharging" on aggravated battery; (2) improper comment on evidence by the trial court in its jury charge on aggravated battery; (3) an improper jury charge on reasonable doubt; and (4) a failure to prove an essential element of aggravated battery. *See* ECF No. 1 at 16-17.

The state habeas court denied relief, finding that Icenhour failed to show deficient performance by his appellate counsel, or that a reasonable probability existed that his appeal would have been successful but for counsel's alleged errors. *Id.* at 24. The Georgia Supreme Court denied Icenhour's application for a certificate of probable cause to appeal the denial.

Icenhour then turned to this Court for relief under 28 U.S.C. § 2254. He asserted three grounds of ineffective assistance of appellate counsel, contending that counsel failed to raise the following issues on appeal: that trial counsel was ineffective for failing to object to (1) the trial court charging the jury on the entire aggravated battery statute, even though Icenhour's indictment only charged one of three methods of violating the statute; (2) the trial court improperly commenting on evidence when it instructed the jury regarding the victim's loss of an eye; and (3) the trial court's reasonable doubt charge violating due process. ECF No. 1 at 5-8. Respondents argued the state habeas court's determination of those issues are entitled to deference. This Court agreed and denied the petition. Icenhour wishes to appeal and so first seeks a COA.

### III. DISCUSSION

"Before an appeal may be entertained, a prisoner who was denied habeas relief in the district court must first seek and obtain a COA. . . ." *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *see* 28 U.S.C. § 2253(c). Courts issue COAs "where a petitioner has made a substantial showing of the denial of a constitutional right." *Miller-*

El, 537 U.S. at 336; see also 28 U.S.C. § 2253(c)(2). Petitioners, in other words, "must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Id. (internal quotations omitted).

Section 2254, and the deference it affords state court decisions, presents an added wrinkle. "Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary. . . ." Miller-El, 537 U.S. at 340; 28 U.S.C. § 2254(e)(1). Sections 2254 petitions, moreover, "shall not be granted . . . unless" the state court's determination "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

When § 2254's deference to state courts and the standard for evaluating COA applications intersect, as they do here, the question becomes "whether the . . . application of AEDPA[1] deference . . . to [a] petitioner's claim was debatable amongst jurists of reason." Miller-El, 537 U.S. at 341. But "[t]he petitioner need not show he will ultimately succeed on appeal, for '[t]he question is the debatability of the underlying constitutional claim[s], not the resolution of that debate.'" *Lott v. Att'y Gen.*, Fla., 594 F.3d 1296, 1301 (11th Cir. 2010) (quoting Miller-El, 537 U.S. at 342).

Icenhour seeks a COA as to three of his claims for ineffective assistance of appellate counsel based on counsel's failure to raise ineffective assistance of trial counsel. See ECF No. 12. To make out such claims, Icenhour must show that (1) his appellate counsel's failure to raise ineffective assistance of trial counsel was deficient performance, and (2) a reasonable probability exists that the neglected claim would have succeeded on appeal. See *Searcy v. Fla. Dep't of Corrs.*, 485 F. App'x 992, 996 (11th Cir. 2012) (citing Heath v. Jones, 941 F.2d 1126, 1130 (11th Cir. 1991)) (noting that "[c]laims of ineffective assistance of appellate counsel are governed by the same standards applied to trial counsel under Strickland [v. Washington][2]").

To make that second determination, "we must review the merits of the omitted claim," id., while being "mindful that the Sixth Amendment does not require appellate advocates to raise every non-frivolous issue." Id. (internal quotations omitted). Instead, effective advocates "will weed out weaker arguments, even though they may have merit." Id.

So, the Court first examines whether jurists of reason could debate the correctness of the denial of Icenhour's ineffective assistance of trial counsel claims. Because the Court answers that question in the affirmative as to one of Icenhour's ineffective assistance arguments, it then examines whether reasonable jurists could debate the dismissal of Icenhour's corresponding

---

[1] AEDPA stands for Anti-Terrorism and Effective Death Penalty Act.

[2] 466 U.S. 668 (1984). Strickland requires that a defendant show "both that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced him." Lott, 594 F.3d at 1301.

2

ineffective assistance of appellate counsel claim.

### A. Ineffective Assistance of Trial Counsel

Icenhour makes three arguments for ineffective assistance of trial counsel. First, he argues ineffective assistance based on counsel's failure to object to the trial court's charge on aggravated battery. Because Icenhour's indictment only charged him with causing bodily harm by rendering useless a member of the victim's body, Icenhour believes that the trial court's charge on two additional methods for committing aggravated battery—depriving the victim of a member of his body, and serious disfigurement—violated the Georgia Constitution's due process protections. ECF No. 12 at 2-3; *see* O.C.G.A. § 16-5-24.[3]

Second, Icenhour argues trial counsel's failure to object to the court's comment about the loss of an eye constituted ineffective assistance. ECF No. 12 at 4. And third, Icenhour believes trial counsel's failure to object to the jury charge on reasonable doubt likewise constituted ineffective assistance. *Id.* at 6. The Court addresses each argument in turn.

#### 1. Aggravated Battery Overcharge

Where, as here, an indictment "charges a defendant committed an offense by one method, it is reversible error for the court to instruct the jury that the offense could be committed by other statutory methods with no limiting instruction." *Sharpe v. State*, 291 Ga. 148, 151 (2012). That "defect is cured, however, where . . . the court provides the jury with the indictment and instructs the jurors that the burden of proof rests upon the State to prove every material allegation of the indictment and every essential element of the crime charged beyond a reasonable doubt." *Williams v. Kelley*, 291 Ga. 285, 286-87 (2012) (quoting *Sharpe*, 291 Ga. at 151) (emphasis omitted).

Icenhour's indictment charged only that he committed aggravated battery by rendering useless a member of the victim's body. Yet the trial court charged the jury on the entire aggravated battery statute, which includes two additional methods for committing the crime. ECF No. 4-6 at 18-19. Standing alone that would be reversible error Icenhour's trial attorney should have objected to. The failure to object likely would have been ineffective assistance.

But that is not the whole story. The trial court gave the jury a copy of the indictment, and charged the jury that the State always bore the burden of proof to establish every allegation in the indictment and every element of the crime beyond a reasonable doubt. *See id.* at 12. Those actions cured the defect aroused by the imprecise instruction on aggravated battery. *See Williams*, 291 Ga. at 287 (holding error cured where "the trial court specifically provided the jurors with the indictment and instructed the jury that the burden of proof was with the State to prove every material allegation of the indictment and every essential element of the crime charged beyond a reasonable doubt").

With no debatable defect, Icenhour's trial counsel's failure to object to the aggravated

---

[3] Section 16-5-24 provides: "A person commits the offense of aggravated battery when he or she maliciously causes bodily harm to another by [1] depriving him or her of a member of his or her body, [2] by rendering a member of his or her body useless, or [3] by seriously disfiguring his or her body or a member thereof."

3

battery charge could not constitute ineffective assistance. And with no ineffective assistance of trial counsel, appellate counsel's failure to raise that issue on appeal likewise is indisputably not ineffective assistance. Most importantly, no jurist of reason could debate whether Icenhour's trial counsel—and thus whether his appellate counsel—gave ineffective assistance by not objecting to the jury charge on aggravated battery.

2. *Commentary On Evidence*

O.C.G.A. § 17-8-57 makes error any expression or intimation by a judge as to his opinion of "what has or has not been proved" during trial. A court violates § 17-8-57 if its charge to the jury "assumes certain things as facts and intimates to the jury what the judge believes the evidence to be." *Gonzalez v. State*, 306 Ga. App. 887, 889 (2010).

Icenhour argues the trial court here committed such an error by instructing the jury "that the loss of an eye . . . is the rendering of his body useless within the meaning of [O.C.G.A. § 16-5-24]," and "that blurred vision is evidence that an eye has been rendered useless." ECF No. 4-6 at 19. Icenhour is wrong.

The trial court's instruction on the loss of eye and blurred vision was a proper statement of law pursuant to *Taylor v. State*, 178 Ga. App. 817, 817 (1986) (holding that "[t]he loss of the use of an eye constitutes the rendering useless of a member of the body. . . . Blurred vision is evidence that an eye has been rendered useless"). So, Icenhour's trial counsel's failure to object to the instruction could not constitute ineffective assistance. No reasonable jurist could debate that conclusion. Icenhour's appellate counsel's failure to raise the issue on appeal, therefore, also does not constitute ineffective assistance.

3. *Reasonable Doubt Instruction*

Lastly, Icenhour argues the trial court's instruction on reasonable doubt constituted reversible error his counsel should have objected to. That instruction consisted of excerpts from Georgia's pattern charge. It did not follow the pattern verbatim.

The state habeas court found the reasonable doubt charge proper. ECF No. 1 at 21. In noting that Icenhour failed to provide any case law showing the given charge was error, the court held Icenhour failed to show how his trial counsel "was ineffective for failing to object to the charge." *Id.* at 22. This Court, in applying the deference due the state habeas court's determination, agreed. *See* ECF No. 5 at 6.

Reasonable jurists, however, could disagree about the correctness of the reasonable doubt instruction and thus whether Icenhour's trial counsel gave ineffective assistance by not objecting. "[W]hen a legal issue involves such well-established principles as the definition of reasonable doubt, there are few, if any, circumstances which would justify a trial court's failure to use the suggested pattern criminal charges compiled by the Council of Superior Court Judges of Georgia." *Anderson v. State*, 286 Ga. 57, 60 (2009).

Perhaps this case presents a circumstance where a non-pattern reasonable doubt charge passes muster. But that question need not be answered at this point. All the Court addresses now is whether jurists of reason could debate whether Icenhour's trial counsel gave ineffective assistance by not objecting to

4

the reasonable doubt instruction given. *See Miller-El*, 537 U.S. at 336. And given the questionable legality of that instruction, jurists could indeed debate whether trial counsel should have raised the issue.

The debatability of the underlying ineffective assistance of trial counsel claim is enough to create debate as to Icenhour's claim of ineffective assistance of appellate counsel as well. Error in a reasonable doubt instruction often is "structural error requiring reversal," and a failure to object to the error at trial and then again on appeal raises debatable issues of ineffective assistance of counsel. *Anderson*, 286 Ga. at 60.

Ultimately, AEDPA deference to state court determinations may require denying Icenhour's claim. But for right now, when Icenhour seeks a COA, enough doubt exists to allow Icenhour to appeal the issue of ineffective assistance of appellate counsel for failure to raise ineffective assistance at trial based on trial counsel's failure to object to the reasonable doubt instruction.

### IV.   CONCLUSION

Jurists of reason could not debate whether Icenhour suffered ineffective assistance of appellate counsel based on either (1) counsel's failure to raise the issue of whether trial counsel's silence on the trial court's aggravated battery jury charge constituted ineffective assistance; or (2) counsel's failure to argue on appeal that trial counsel gave ineffective assistance by failing to object to the trial court's alleged commentary on the evidence. He did not.

But reasonable jurists could debate whether the trial court's reasonable doubt instruction was proper and thus whether trial counsel's failure to object constituted ineffective assistance that should have been raised as an issue on appeal. So, the Court *GRANTS* Icenhour's application for a COA on the following issue:

1. Whether, given AEDPA's deference to state court decisions, Icenhour's appellate counsel's failure to raise ineffective assistance of trial counsel based on trial counsel's failure to object to the trial court's reasonable doubt instruction itself constituted ineffective assistance of appellate counsel.

This 31st day of July 2013.

/s/ B. Avant Edenfield

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

5